UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-11 PA (SPx) | Date | January 7, 2019 |
|---|---|---|---|
| Title | James Shelton, et al. v. Ford Motor Company, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Ford Motor Company ("Ford"). In the Notice of Removal, Ford asserts that this Court has jurisdiction over the action brought against it and Karhay LLC d/b/a Lake Elsinore Ford ("Lake Elsinore Ford") by plaintiffs James Shelton and Deborah Shelton ("Plaintiffs") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-11 PA (SPx) | Date | January 7, 2019 |
|---|---|---|---|
| Title | James Shelton, et al. v. Ford Motor Company, et al. | | |

Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company . . . .").

According to the Notice of Removal, "Ford is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan." (Notice of Removal ¶ 22.) The Notice of Removal alleges that "Plaintiffs are, and were at the time of filing of the Complaint, citizens and residents of California. (Compl. ¶ 3)." (Notice of Removal ¶ 21.) The Notice of Removal further alleges that Lake Elsinore Ford "is the business name for Harhay LLC, a California Limited Liability Company." (Notice of Removal ¶ 23.) Ford seeks to have the Court ignore the fact that Plaintiffs and Lake Elsinore Ford are both citizens of California, and that complete diversity between the parties is lacking, based on Ford's contention "that Plaintiffs fraudulently joined Lake Elsinore Ford in this products liability and fraud case for no reason other than to defect diversity jurisdiction and prevent removal of the action to federal court." (Notice of Removal ¶ 23.) According to the Notice of Removal:

> 24. Here, Plaintiffs have sued all defendants for everything except "Fraud in the Performance of Warranty Contract" which is against Ford only – which demonstrates, that this is truly a products liability and fraud case against Ford. Ford believes Plaintiffs have no intention of prosecuting these claims against Lake Elsinore Ford. Indeed, a review of the Complaint's allegations regarding Lake Elsinore Ford are bare-boned, non-specific allegations. (Compl., generally.)
>
> 25. Accordingly, it is evident these claims were only brought to defeat the claim of diversity and removal to Federal Court. Indeed, Ford's counsel's vast litigation experience in opposing automotive product liability cases (and in particular matters filed by Mr. Mikhov's firm), has been that individual Ford dealerships have not been regularly sued. (Hugret Declaration, ¶ 7.) Because Plaintiffs' joinder of Lake Elsinore Ford is fraudulent, this Court has the jurisdiction to accept this matter, as absent Lake Elsinore Ford. Accordingly, complete diversity exists for purposes of 28 U.S.C. §1332 jurisdiction.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-11 PA (SPx) | Date | January 7, 2019 |
|---|---|---|---|
| Title | James Shelton, et al. v. Ford Motor Company, et al. | | |

(Notice of Removal ¶¶ 24-24.)

    The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

    "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

    At least on this record, this Court cannot conclude that Lake Elsinore Ford is fraudulently joined. Ford has not met its burden to foreclose "any possibility" that Plaintiffs may prevail on their claims against Lake Elsinore Ford. Nor can the Court conclude on this record that Plaintiffs would not, at a minimum, be afforded leave to amend their Complaint to augment their allegations against Lake Elsinore Ford should those allegations be found insufficient. Ford's counsel's "vast litigation experience" does not allow the Court to ignore the fact that Plaintiffs have included claims against a non-diverse defendant that fall far short of the legal standard for fraudulent joinder. Ford has therefore failed to meet its burden to have this Court ignore the citizenship of Lake Elsinore Ford, and the Court accordingly concludes that Ford has not established that the complete diversity of the parties or this Court's subject matter jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-11 PA (SPx) | Date | January 7, 2019 |
|---|---|---|---|
| Title | James Shelton, et al. v. Ford Motor Company, et al. | | |

For all of the foregoing reasons, Ford has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Riverside Superior Court, Case No. RIC 1826492. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.